UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-cv-04222-JPH-MJD |
| ) | |
| $69,100.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in

the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## DEFENDANT

5. The Defendant is Sixty-Nine Thousand and One Hundred Dollars and No Cents ("$69,100.00") in United States Currency (the "Defendant Currency"). The Defendant Currency was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP"). The Defendant Currency has been assigned Asset Identification Number **19-CBP-000387**.

## FACTS

6. On October 5, 2018, officers with the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel / bulk cash smuggling interdiction operation at a parcel shipping company hub in Indianapolis.

7. Parcel / bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds. Shipping companies provide illegal controlled substances smugglers with many benefits such as faster delivery with predictable dates, package tracking, and delivery confirmation. Based on information and experience, task force officers can easily identify suspicious packages with indicators, such as newly-bought boxes from the shipping company and excessive tape at the seams of the packages. Suspicious packages are typically sent via priority overnight shipping that has been paid for with cash. To

preserve anonymity, smugglers often use addresses, telephone numbers, or names that are falsified or incomplete.  Packages sent to known source states for illegal controlled substances (*e.g.*, Texas, Arizona, California) draw increased suspicion, as do those sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence.  Traffickers will often package in a layered manner in an attempt to avoid detection by trained narcotics detection canines.  The layered packaging is usually an attempt to mask or prevent any odors from escaping the interior of the package.  Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons along with the cash or monetary instruments – narcotics traffickers rarely include any type of instruction with the proceeds.

8. During the course of the operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7830 9595 0932 ("Parcel 0932" or the "Package"), was identified as suspicious.  Parcel 0932 was addressed to Feron Haile, 2330 S. Curning Street, Los Angeles, CA 90034, and with a sender address of Denika Brown, 1445 Tyler Avenue, Annapolis, MD 21403, TX#443-833-7639.

9. The package drew attention for several reasons, including that Parcel 0932 was a newly purchased brown parcel box; and the box was wrapped with heavy external tape.  Parcel 0932 was marked for overnight delivery; the mailing was paid for in cash; and it was sent from an individual, non-business sender to an individual, non-business receiver.  Parcel 0932 was being sent to a source state (California) with no signature required upon delivery.  Further, there was no telephone number listed for the receiver.

 

10.     A certified drug detection canine, handled by an IMPD officer, inspected Parcel 0932, along with other packages. The examination resulted in the canine's positive indication for the presence of the odor of a controlled substance on Parcel 0932. The drug detection canine had been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

11.     The IMPD officer applied for a search warrant to inspect the interior of Parcel 0932 based on the suspicious appearance of the package and the canine's positive alert. On October 5, 2018, a Marion County Superior Court Judge granted the search warrant upon a finding of probable cause.

12.     Task force officers then opened Parcel 0932 to find inside it three heat and vacuum-sealed plastic bags wrapped around by multiple layers of bubble wrap. Packed inside the heat and vacuum-sealed plastic bags were rubber-banded stacks of United States Currency. The stacks of U.S. Currency totaled $69,100.00. As discussed above, multi-layered packaging methods are commonly used by smugglers in an attempt to mask the presence of the odor of a controlled substance. There was no document or correspondence indicating the purpose for which the $69,100.00 in currency was shipped.

  

13. After the package was opened, officers conducted an inspection of the currency using a different drug detection canine, this canine being handled by another IMPD officer. The drug detection canine had been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine. The canine alerted for the presence of the odor of a controlled substance emanating from the $69,100.00.

14. As there was probable cause to seize the currency for violations of federal and state controlled substance laws, the $69,100.00 was seized and taken into custody by ISP, pending the issuance of a state turnover order.

15. Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 0932. A review of law enforcement database revealed the shipper's name, Denika Brown, was associated with the address, 1445 Tyler Avenue, Annapolis, MD. A review of phone records for the sender's phone, 443-833-7639, showed a record for parcel sender, Denika Brown, at 145 Obery Court, Annapolis, MD.

16. As for the receiver information listed on Parcel 0932, database inquiries revealed no records for Feron Haile at that address. Google maps could not locate the address of 2330 S. Curning Street in Los Angeles. Law enforcement databases revealed that an address of 2330 S. Corning Street, rather than 2330 S. Curning Street, was located in Los Angeles in a residential area. Additionally, the database showed one Feron Haile was associated with that address, 2330

5

S. Corning Street, #104, Los Angeles, CA 90034.

17. On January 4, 2019, the Marion Superior Court, Civil Division, issued its order transferring the Defendant Currency to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Docket 49D04-1810-MI-040873. On January 14, 2019, the Defendant Currency was transferred to DHS-HSI, which subsequently transferred the Defendant Currency to DHS-CBP.

18. DHS-CBP sent letters to Denika Brown and Feron Haile on February 21, 2019, in order to address the matter, short of judicial forfeiture. The letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for judicial forfeiture proceedings. DHS-CBP confirmed that both letters were delivered. To date, neither Denika Brown nor Feron Haile has contacted DHS-CBP.

19. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/en-us/service-guide/terms/other-services.html.

## PERTINENT STATUTES

20. Under 21 U.S.C. § 841(a)(1)-(2), it is unlawful for any person to manufacture, distribute, or dispense—or possess with intent to manufacture, distribute, or dispense—a controlled substance.

21. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

## CLAIM FOR RELIEF

22. Based on the factual allegations set forth above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys … used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Currency pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

JOSH J. MINKLER
United States Attorney

By:  /s/Kelly Rota
Kelly Rota
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, Christopher D. Bryant, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 10-9-19

Christopher D. Bryant
Special Agent, HSI